# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DONALD C. SARGENT, | |
| Plaintiff, | No. C12-4093-LTS |
| vs. | **ORDER** |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This case is before me on plaintiff's application (Doc. No. 17) for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On May 21, 2013, I entered an order (Doc. No. 15) granting the parties' joint motion for remand pursuant to sentence four of 42 U.S.C. § 405(g). Judgment (Doc. No. 16) in favor of the plaintiff and against defendant (the Commissioner) was entered the same day. Plaintiff now requests $2,462.50 in attorney fees for his attorney's work on the case and alleges that the Commissioner's position was not substantially justified. In support of his application, plaintiff attached an itemization (Doc. No. 17-1) of the time plaintiff's attorney spent on the case. According to that document, his attorney spent a total of 19.7 hours on this matter and seeks to be paid at the rate of $125 per hour.

On July 3, 2013, the Commissioner filed her response (Doc. No. 18) to plaintiff's application. The Commissioner indicates she has no objection to entry of an order awarding attorney fees under EAJA in the amount of $2,462.50.

## *DISCUSSION*

*A.*   *Legal Standards*

Attorney fees may be awarded to a "prevailing party" in a Social Security appeal under EAJA. 28 U.S.C. § 2412(d). The statute provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust.

*Id*. § 2412(d)(1)(A) (emphasis added). The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances." *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (looking to see whether special circumstances make an award unjust, and finding none, but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust"). The Eighth Circuit has specifically addressed, however, when a position is substantially justified. *See, e.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003); *Cornella v. Schweiker*, 728 F.2d 978, 981-82 (8th Cir. 1984).

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he or] she lacked substantial justification for [his or] her position. The Commissioner does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see Lauer*, 321 F.3d at 765 (recognizing "the overriding, fundamental principal [sic] that the government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified, the [Commissioner] must show that [his] position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988))).

To obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). "[T]he provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional,'" but instead are "ancillary to the judgment of a court." *Scarborough v. Principi*, 541 U.S. 401, 413-14, 124 S. Ct. 1856, 1864-65 (2004). The government, therefore, can waive this requirement because it is present to protect the government's interests. *See Vasquez v. Barnhart*, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006).

If attorney fees are appropriate, the reasonable hourly rate for such fees is established by statute as follows:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that, "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded"). Further, "[f]ees and other expenses awarded under [subsection (d)] to a party shall be paid by any agency [(the Social Security Administration)] over which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4).

Under § 2412(d), attorney fees are payable to the litigant, not directly to the litigant's attorney. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2525-27 (2010). As such, those fees are subject to offset to satisfy any pre-existing debt the litigant may owe to the United States. *Id.* at 2527.

*B.    Analysis*

I find that plaintiff is a "prevailing party" and the Commissioner, by not objecting to the payment of attorney fees, has not shown either "substantial" justi[fication]" or "special circumstances" to preclude an award of reasonable attorney fees. 28 U.S.C. § 2412(d)(1)(A). I also find that plaintiff timely filed his application for attorney fees within thirty days of the final judgment in this action.

Upon review of the exhibit attached to plaintiff's application, which includes an itemization of the hours his attorney logged for this case, I further find that the requested hourly rate ($125) and the total number of hours expended (19.7) are reasonable and appropriate under the circumstances. As such, I find plaintiff has demonstrated that he is entitled to an award of attorney fees in the amount of $2,462.50. Because the EAJA payment shall be made to the litigant, rather than directly to the litigant's attorney, I will order that the fees be paid to plaintiff. *See Ratliff*, 130 S. Ct. at 2525-27.

## CONCLUSION

Plaintiff's application for attorney fees (Doc. No. 17) is **granted**. Judgment will enter for plaintiff in the amount of **$2,462.50**, representing attorney fees to be paid by the Social Security Administration. Pursuant to *Ratliff*, said fees are payable to plaintiff.

**IT IS SO ORDERED.**

**DATED** this 8th day of July, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE